**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4206**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONTE WISE, a/k/a Tay,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen L. Hollander, District Judge. (1:12-cr-00458-ELH-3)

Submitted: September 29, 2020　　　　　　　　Decided: November 17, 2020

Before AGEE, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eugene V. Gorokhov, Ziran Zhang, BURNHAM & GOROKHOV PLLC, Washington, D.C., for Appellant. James Thomas Wallner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donte Wise appeals from his within-Guidelines 156-month sentence imposed pursuant to his guilty plea to conspiracy to distribute cocaine. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the substantive reasonableness of Wise's sentence. Although advised of his right to file a pro se supplemental brief, Wise has not done so. The Government has also declined to file a brief. After a thorough review of the record, we affirm.

We review Wise's sentence for abuse of discretion. *United States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017). First, we must "ensure that the district court committed no significant procedural error, such as . . . improperly calculating[] the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). If there is no procedural error, we must then also consider the substantive reasonableness of Wise's sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Gomez-Jimenez*, 750 F.3d 370, 383 (4th Cir. 2014) (internal quotation marks omitted). *See also United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (noting that "we are required to analyze procedural reasonableness before turning to substantive reasonableness"). A sentence must be "sufficient, but not greater than necessary," to accomplish the § 3553(a) sentencing goals. 18 U.S.C. § 3553(a). "Any

2

sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Here, the district court correctly calculated Wise's advisory Guidelines range, heard argument from counsel, provided Wise an opportunity to allocute, considered the § 3553(a) sentencing factors, and thoroughly explained its reasons for imposing the within-Guidelines sentence. Therefore, we find no procedural error.

Turning to the substantive reasonableness of the sentence, Wise argues first that the district court did not properly consider the circumstances of the Government's "sting," which permitted the Government to dictate most aspects of the crime. However, a review of the district court's extensive reasoning shows that the court considered and credited Wise's arguments concerning the sting in choosing a sentence at the low end of the Guidelines range.

Next, Wise asserts that the district court improperly considered uncharged conduct that the Government chose not to pursue and contends that the Government's charging decisions are not an appropriate factor to consider. However, uncharged relevant conduct, found by a preponderance of the evidence, is an appropriate sentencing factor to consider. *See United States v. Grubbs*, 585 F.3d 793, 803-05 (4th Cir. 2009) (affirming sentence where district court recounted "substantial uncharged conduct" when imposing sentence). Here, there is no dispute that Wise's admitted conduct and history would support other

charges or enhancements.  Accordingly, the district court did not consider an impermissible factor.

As such, we find that Wise's sentence is substantively reasonable.  In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Wise, in writing, of the right to petition the Supreme Court of the United States for further review.  If Wise requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Wise.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*